IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. JAMES DAWSON | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO.  08-7 |
| | : | |
| MR. FREDERICK HARRAN, Individually | : | |
| and in His Official Capacity as Bensalem | : | |
| Township Director of Public Safety, MR. | : | |
| STEVEN MORAN, Individually and in His | : | |
| Capacity as FMR. Director of Public Safety, | : | |
| BENSALEM TOWNSHIP | : | |
| Defendants. | : | |

## ORDER & MEMORANDUM

## O R D E R

**AND NOW** this 5th day of May, 2008, upon consideration of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), F.R.C.P. (Document No. 4, filed January 24, 2008), and Plaintiff, James Dawson's Brief in Opposition to Defendants' Fed. R. Civ. P. Rule 12(B)6 [sic] Motion for Partial Dismissal (Document No. 9, filed February 22, 2008, and Document No. 10, filed February 26, 2008[1]), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), F.R.C.P. is **GRANTED** as follows:

1. Counts IV, V, VI, VII, VIII, and IX of plaintiff's Complaint are **DISMISSED WITH PREJUDICE**;

2. Plaintiff's claims in Count III against defendants Frederick Harran and Steven Moran in their official capacities are **DISMISSED WITH PREJUDICE**;

---

[1] The two briefs are identical.

3.   Plaintiff's claims for punitive damages against defendant Bensalem Township in Counts I, II, and III are **DISMISSED WITH PREJUDICE**.

## MEMORANDUM

## I.   INTRODUCTION

On January 2, 2008, plaintiff filed a Complaint against Bensalem Township and defendants Frederick Harran and Steven Moran, both current or former Bensalem Township employees, alleging discrimination in employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951.1, et seq., and violations of his constitutional rights under 42 U.S.C. §§ 1981, 1983, 1985, and 1988.  Plaintiff alleges that defendants engaged in discriminatory acts during his period of probationary employment with the Bensalem Township Police Department, culminating in plaintiff's unlawful discharge on August 14, 2005.

Presently before the Court is Defendants' Motion to Dismiss: (1) Counts IV through IX of the Complaint, (2) plaintiff's claims for punitive damages against Bensalem Township, and (3) plaintiff's claims against defendants Harran and Moran in their official capacities. Defendants argue that plaintiff failed to comply with the statute of limitations for claims under 42 U.S.C. §§ 1981, 1983, and 1985.  Defendants also contend that Bensalem Township is immune from suit for punitive damages and that plaintiff's official capacity claims against defendants Harran and Moran are duplicative of his claims against Bensalem Township.  For the reasons set forth below, Defendants' Motion to Dismiss is granted in all respects.

## II.   BACKGROUND

Plaintiff, an African-American, was hired as a Bensalem Township police officer on or

about April 16, 2004.[2]  (Compl. ¶ 11.)  Prior to being hired by defendants, plaintiff had been a decorated and commended police officer with a large police department for more than five years. (Id. ¶ 13.)

Plaintiff alleges that despite successfully completing his initial twelve-month probationary period with defendants, (Id. ¶ 14), and despite performing his duties as a Bensalem Township police officer as well, or better than, similarly situated white officers, defendants treated plaintiff worse than those white officers.  (Id. ¶ 16.)  In the Complaint, plaintiff cites numerous examples of discriminatory treatment during his period of employment with defendants including, inter alia, being subject to more onerous documentation requirements, (Id. ¶ 27(a)), facing hostile treatment and heightened scrutiny, (Id. ¶ 27(b)), and not receiving instruction and training equivalent to that provided to his white counterparts, (Id. ¶ 27(c)). Plaintiff further alleges that on or about August 14, 2005, he was "unlawfully, pretextually, and discriminatorily . . . discharged on account of his race (African-American)."  (Id. ¶ 17.)

In Count I of the Complaint, plaintiff alleges that he was discriminatorily terminated in violation of Title VII.  (Id. ¶¶ 46-56.)  In Count II, plaintiff alleges violations of the PHRA.  (Id. ¶¶ 57-67.)  In Count III, plaintiff alleges that his contractual rights as an employee were violated on account of his race contrary to 42 U.S.C. § 1981(a).  (Id. ¶¶ 68-72.)  In Count IV, plaintiff alleges violations of his First and Fourteenth Amendment procedural due process rights pursuant to 42 U.S.C. § 1983.  (Id. ¶¶ 73-81.)  In Count V, plaintiff alleges, pursuant to § 1983, that he was deprived of a cognizable property interest in violation of the Fourteenth Amendment.  (Id.

---

[2] The facts are taken from the Complaint and are presented in the light most favorable to plaintiff.

¶¶ 82-88.)  In Count VI, plaintiff alleges, pursuant to § 1983, that he was denied his substantive due process rights in violation of the Fourteenth Amendment.  (Id. ¶¶ 89-91.)  In Count VII, plaintiff alleges that defendants conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1985.  (Id. ¶¶ 92-95.)  In Count VIII, plaintiff alleges, pursuant to § 1983, denial of his Equal Protection Rights in violation of the Fourteenth Amendment.  (Id. ¶¶ 96-99.)  Finally, in Count IX, plaintiff alleges "42 U.S.C. § 1983 deprivations by municipal defendant Bensalem Township's discriminatory policies, customs, and practices."  (Id. ¶¶ 100-05.)

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion.  In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'"  Id. at 232 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)).  In other words, a complaint must contain "enough factual matter (taken as true) to suggest" the elements of the claims asserted.  Id. at 234 (quoting Twombly, 127 S. Ct. at 1965); cf. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.") (quoted in Twombly, 127 S.Ct. at 1965).

4

IV. **DISCUSSION**

   A.  **Plaintiff's Claims in Counts IV Through IX are Barred by the Statute of Limitations**

Defendants argue that plaintiff's claims in Counts IV through IX of the Complaint are barred by the statute of limitations for claims pursuant to 42 U.S.C. §§ 1983 and 1985. Specifically, defendants argue that both statutes have a two-year limitations period, and that plaintiff's claims in Counts IV through IX are barred because plaintiff was terminated on August 14, 2005 and did not file suit until January 2, 2008.[3]

Plaintiff argues that a statute of limitations defense is an affirmative defense that should not be raised in a motion to dismiss. (Pl.'s Resp. 3, ¶ 6.) The Third Circuit has explained that "[w]hile the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). In this case, plaintiff's failure to comply with the limitations period is clear from the face of the Complaint. Thus, the Court will address defendant's statute of limitations argument in ruling on the instant motion to dismiss pursuant to Rule 12(b)(6).

---

[3] Defendants are correct that in Pennsylvania, the statute of limitations for claims pursuant to 42 U.S.C. §§ 1983 and 1985 is two years. See, e.g., Bougher v. University of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989) (two-year limitations period under 42 U.S.C. §§ 1983 and 1985); Rose v. County of York, No. 07-2610, 2008 WL 241360, *2 (3d Cir. January 30, 2008) (non-precedential) (same). This is so because the limitations period under those statutes is borrowed from the state's limitations period for personal injury suits. Bougher, 882 F.2d at 78 (citing Wilson v. Garcia, 471 U.S. 261, 280 (1985)). In Pennsylvania, the limitations period for personal injury suits is two years. Id. at 78-79.

Plaintiff does not dispute that the limitations period for 42 U.S.C. §§ 1983 and 1985 is two years. Rather, he argues that his civil rights claims were timely filed under the continuing violations and equitable tolling doctrines.[4]

The continuing violations doctrine is an "equitable exception to the timely filing requirement." Cowell v. Palmer Tp., 263 F.3d 286, 292 (3d Cir. 2001) (quoting West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995)). "The application of the continuing violations theory may be appropriate in cases in which a plaintiff can demonstrate that the defendant's allegedly wrongful conduct was part of a practice or pattern of conduct in which he engaged both without and within the limitations period." McAleese v. Brennan, 483 F.3d 206, 218 (3d Cir. 2007). "To establish that a claim falls within the continuing violations theory, a plaintiff must do two things: (1) he must demonstrate that at least one act occurred within the filing period[,] and (2) he must establish that the conduct is more than the occurrence of isolated or sporadic acts, i.e., the conduct must be a persistent, on-going pattern." Id. (quoting West, 45 F.3d at 754-55) (internal quotation marks omitted). "The focus of the continuing violations doctrine is on affirmative acts of the defendants." Cowell, 263 F.3d at 293.

Neither plaintiff's Complaint nor his brief make clear what alleged events took place within the limitations period. Rather, it appears that plaintiff makes three arguments, none of which have merit. First, plaintiff states twice in his Complaint that "defendants engaged in a series of continuing violations of plaintiff's rights . . . which continue to date." (Compl. ¶¶ 51, 62.) Plaintiff appears to argue in his brief that these conclusory allegations are sufficient to

---

[4] Although plaintiff did not raise the issue of equitable tolling in his brief, he argued at the preliminary pretrial conference held on April 8, 2008 that he was entitled to equitable tolling. Thus, the Court will address that issue in this Memorandum.

survive a motion to dismiss. To the contrary, plaintiff is required to aver "enough factual matter (taken as true) to suggest" the merits of his claims. Because plaintiff's Complaint offers no facts in support of his argument that plaintiff was discriminated against by defendants within the limitations period, he has not met this standard with respect to his continuing violations argument.

Second, plaintiff argues that he has plead sufficient facts in his brief "by pleading that defendants Moran, Harran and McCauley[5] engaged in a continuous acts [sic] of filing false and unsubstantiated disciplinary charges and demotions that were part of the defendants 'ongoing practice or pattern of discrimination.'" (Pl.'s Resp. 7) (citation omitted). Plaintiff appears to argue in this section of his brief that because he alleges a pattern of discriminatory acts leading up to plaintiff's termination, the normal limitations period should not apply, even if the final alleged violation took place more than two years before the Complaint was filed. The Court rejects this argument in light of the requirement that a defendant seeking to benefit from the continuing violations doctrine demonstrate that "at least one act occurred within the filing period." McAleese, 483 F.3d at 218.

Third, plaintiff's counsel stated during the preliminary pretrial conference held on April 8, 2008, that defendants engaged in an ongoing pattern of wrongful conduct in that they failed to investigate complaints made by other police officers after defendants discharged plaintiff. Counsel argued that because these events took place after plaintiff's termination, they served to extend the limitations period. The Court rejects this argument. Even if defendants did fail to act after hearing complaints from plaintiff's former co-workers, that would not constitute a

---

[5] The individual "McCauley" named in plaintiff's brief is not a defendant in this action.

continuing violation of plaintiff's rights. The Third Circuit has held that "[t]he focus of the continuing violations doctrine is on affirmative acts of the defendants." Cowell, 263 F.3d at 293. An alleged failure to investigate complaints by third-parties after plaintiff's termination does not constitute an affirmative act in violation of plaintiff's rights.

Plaintiff's argument that the continuing violations doctrine saves his 42 U.S.C. §§ 1983 and 1985 claims is also undermined by his Charge of Discrimination filed with the Equal Opportunity Employment Commission (EEOC) on September 30, 2005.[6] In that filing, plaintiff states that the latest date discrimination took place was August 15, 2005.[7] That assertion is consistent with plaintiff's Complaint, which alleges no acts of discrimination after plaintiff's termination.

Plaintiff also argues that his claims are subject to equitable tolling. "Equitable tolling of a statute of limitations may apply where a complaint succeeds a filing deadline through either the complainant's benign mistake or an adversary's misconduct. [E]quitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely

---

[6] Generally, the court may not consider documents outside of the pleadings when ruling on a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider public documents without converting a motion to dismiss into one for summary judgment. In re Rockefeller Ctr. Props. Sec. Litig., 184 F.3d 280, 292-93 (3d Cir. 1999). Several district courts in this circuit have held that an EEOC Charge of Discrimination is a public record that may be considered without converting a motion to dismiss into a motion for summary judgment. See, e.g., Hercik v. Rodale, Inc., 2004 WL 1175734, *1 (E.D. Pa. May 27, 2004); see also Zahavi v. PNC Financial Services Group, Inc., 2007 WL 3053090, *3 (W.D. Pa. October 18, 2007) (collecting cases).

[7] The date of discrimination in plaintiff's EEOC Charge of Discrimination – August 15, 2005 – is one day later than the date of termination alleged in the Complaint. For purposes of ruling on the instant motion to dismiss, that difference is immaterial.

asserted his rights mistakenly in the wrong forum.'" United States v. Midgley,142 F.3d 174, 178-79 (3d Cir. 1998) (internal quotation marks and citations omitted).  "Federal courts invoke the doctrine of equitable tolling 'only sparingly' . . . ."  Id. at 179 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990)).

In this case, plaintiff has presented no evidence that he was misled by defendants or otherwise prevented from asserting his rights.  While plaintiff alleges that he was given pretextual reasons for his firing, it is clear, based on plaintiff's filing of a Charge of Discrimination with the EEOC on September 30, 2005, that he was aware of the factual basis for his claims within the limitations period.  Accordingly, equitable tolling is not available based on defendants' conduct.  Similarly, plaintiff has presented no evidence that he filed his Complaint earlier in the wrong forum or that he otherwise diligently pursued his civil rights claims.  Thus, plaintiff's conduct does not warrant equitable tolling.

> **B.    None of the Statutes Under Which Plaintiff Seeks Relief Provide for Punitive Damages Against Bensalem Township**

Defendants seek dismissal of those portions of the Complaint seeking punitive damages against defendant Bensalem Township on the ground that a municipality cannot be held liable for punitive damages.  In response, plaintiff states that "[b]ecause the defendants [sic] conduct was outrageous and done in retaliation for the plaintiff's participation in official departmental and legal investigations, the defendants' request to strike plaintiffs prayer for punitive damages should be denied."  (Pl.'s Resp. 3, ¶ 9.)  Because the Court grants defendants' Motion to Dismiss Counts IV through IX of the Complaint, the question raised by defendants' motion to strike plaintiff's request for punitive damages against defendant Bensalem Township is whether such damages are available for the claims asserted in Counts I, II, and III of the Complaint.

The statutes under which plaintiff seeks relief in Counts I and III of the Complaint – Title VII and 42 U.S.C. § 1981 – do not provide for punitive damages against a governmental defendant.  See 42 U.S.C. § 1981a(b)(1) (punitive damages not available against a governmental entity under Title VII); Walters v. City of Atlanta, 803 F.2d 1135, 1148 (11th Cir. 1986) (holding punitive damages not available against a municipality under 42 U.S.C. § 1981); Bell v. City of Milwaukee, 746 F.2d 1205, 1270 (7th Cir. 1984) (same), overruled on other grounds by Russ v. Watts, 414 F.3d 783 (7th Cir. 2005); Udujih v. City of Philadelphia, 513 F. Supp. 2d 350, 358 (E.D. Pa. 2007) (same); McLaughlin v. Rose Tree Media School Dist., 1 F. Supp. 2d 476, 483 (E.D. Pa. 1998) (holding punitive damages not available against a governmental entity under Title VII).  The statute under which plaintiff seeks relief in Count II – the PHRA – does not provide for punitive damages against any defendant.  See Hoy v. Angelone, 720 A.2d 745, 751 (Pa. 1998) (holding that punitive damages are not available under the PHRA); Gagliardo v. Connaught Labs., Inc., 311 F.3d 565, 570 n.3 (3d Cir. 2002) (same).  Thus, defendants' Motion to Dismiss plaintiff's claims for punitive damages against defendant Bensalem Township is granted.

### C. Plaintiff's Claims Against Defendants Harran and Moran in their Official Capacity Are Redundant with His Claims Against Bensalem Township

Defendants' final argument is that the Court should dismiss plaintiff's claims against defendants Harran and Moran in their official capacities as duplicative of plaintiff's claims against Bensalem Township.  Plaintiff does not address this issue in his brief.

Because the Court grants defendants' Motion to Dismiss Counts IV through IX of the Complaint, plaintiff's only remaining claims against defendants Harran and Moran are those pursuant to 42 U.S.C. § 1981 in Count III of the Complaint.

10

Defendants are correct "that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer v. Melo, 502 U.S. 21, 25 (1991) (internal quotation marks and citations omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." Id. For that reason, the Third Circuit has affirmed the dismissal of official-capacity claims against individuals where a plaintiff also sues their municipal employer. See Cuvo v. De Biasi, 169 Fed. Appx. 688, 693 (3d Cir. 2006) (non-precedential). In Count III, plaintiff asserts identical claims against defendants Harran and Moran in their official capacities and defendant Bensalem Township. Because those claims are redundant, the Court grants defendants' Motion to Dismiss plaintiff's claims against defendants Harran and Moran in their official capacities.

V.  **CONCLUSION**

For all of the foregoing reasons, the Court grants Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), F.R.C.P. The Court dismisses Counts IV through IX of the Complaint, plaintiff's claims for punitive damages against Bensalem Township, and plaintiff's claims against defendants Harran and Moran in their official capacities. Remaining for adjudication are Counts I through III of the Complaint as amended by the attached Order.

BY THE COURT:

/s/ **Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**